UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESIREE FINLEY,

    Plaintiff,

v.                                                        Case No: 8:14-cv-2541-T-30MAP

CROSSTOWN LAW, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for an Award of Attorney Fees and Costs Pursuant to 15 U.S.C. § 1692(a)(3) and Section 559.77(2), Florida Statutes (Dkt. #14) and Defendant's Response in Opposition to the Motion (Dkt. #15). Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part.

### *Background*

Plaintiff initiated this suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collections Practices Act ("FCCPA"), by filing a complaint in Florida County Court for Polk County, Tenth Judicial Circuit, on September 9, 2014. In response, Defendant removed Plaintiff's complaint to this Court on October 7, 2014. On or about October 15, 2014, Defendant tendered an offer of judgment in the amount of $1,002, together with additional reasonable attorney's fees and costs incurred and expended, pursuant to Rule 68 of the Federal Rules of Civil Procedure. On October

29, 2014, Plaintiff accepted Defendant's Rule 68 Offer of Judgment and filed her Notice of Acceptance of Rule 68 Offer of Judgment on February 12, 2015. Plaintiff's counsel and Defendant's counsel were not able to come to an agreement as to the amount of Plaintiff's attorney's fees and costs. Plaintiff now moves for an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and section 559.77(2), Florida Statutes.

*Discussion*

**I.     Legal Standard**

Calculating an appropriate fee award under federal law involves a two-step process. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The Court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *See id.* The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) that have not been subsumed in the lodestar calculation. *See id.*; *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

The twelve factors to be considered in determining the reasonableness of attorneys' fees are: (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of

---

[1]The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

In determining the appropriate number of hours to be included in a lodestar calculation, the district court must exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The party seeking the award should provide documentary evidence to the Court concerning the number of hours spent, and how it determined the hourly rates requested. *Id*. at 433. "Objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal quotations omitted).

The Eleventh Circuit has recognized that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'"  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).   The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985). *See also Barnes*, 168 F.3d at 427.   Thus, the applicant must produce satisfactory evidence that the requested rate is

3

within the prevailing market rates and support the number of hours worked and the rate sought. *See Hensley*, 461 U.S. at 433.

## II.     Attorneys' Fees

Plaintiff seeks $5,085.50 for fees and costs in this matter. Three attorneys are listed in the time records, Phil Goldberg, Ashley Cease, and Christina Cowart, and one paralegal Dave Williams. Plaintiff seeks $350 per hour for each attorney and $100 per hour for the paralegal for a total of 17.5 hours and $348 in costs. In support of her request, Plaintiff submits Phil Goldberg's affidavit.

The Court may use its discretion and expertise to determine the appropriate hourly rate. *See Scelta v. Delicatessen Support Services*, 203 F.Supp. 2d, 1328, 1331 (M.D. Fla. 2002). Based on careful consideration of the parties' arguments and Phil Goldberg's affidavit, the complexity of the case, and the Court's own expertise and judgment, the Court concludes that the attorneys' requested rates are unreasonable and not supported by case law from this district. *See Fielder v. Shinseki*, No. 8:07-CV-1524-T-TBM, 2010 WL 1708621 (M.D. Fla. April 26, 2010); *Stefen v. Akerman Senterfitt*, No. 8:04-CV-1693-T-24-MSS, 2007 WL 1601750 (M.D. Fla. Jun. 1, 2007).

Mr. Goldberg has over twenty years of experience, Ms. Cowart has eight, and Ms. Cease has three, yet all three lawyers charge the same rate of $350 per hour. Under the circumstances the rate for the attorneys is excessive. As to the hours expended by Plaintiff's counsel, the Court agrees with Defendant that the time spent drafting the complaint for violations of FDCPA and FCCPA is excessive. Essentially, the attorneys merely consulted with the Plaintiff and filed a complaint on her behalf, very little litigation occurred. The

Defendant does not contest Plaintiff's request for costs, but only agrees to an award in the amount of $313.

The hourly rate requested for the attorneys does not comport with the hourly rates typically awarded in cases involving FDCPA and FCCPA claims in the Middle District of Florida. "Rates of $300 for partner level work, $175 for associate work, and $100 for paralegal services are reasonable for consumer protection litigation in this district." W*alker v. Ruben & Rosenthal, Inc.*, 6:13-CV-798-ORL-18, 2013 WL 5720248, at *7 (M.D. Fla. 2013) (citing *Sharke v. Midnight Velvet, Inc.*, 8:12–cv–589–T–24–AEP, 2013 WL 2467786, *2 (M.D. Fla. June 7, 2013)). *See also Hepsen v. J.C. Christensen and Assos., Inc.*, 394 F. App'x. 597, 599 (11th Cir. 2010) (*per curiam*) (affirming finding that $300.00 was a reasonable rate for lead counsel—with 25 years of experience in consumer law—in a FDCPA trial in the Middle District of Florida); *Titus v. Commercial Recovery Sys., Inc.*, 8:13-CV-00567-T-27, 2014 WL 55016, at *4 (M.D. Fla. Jan. 7, 2014) (finding $300 per hour for partner level work, $200 per hour for associate level work, and $100 per hour for paralegal work reasonable in a FDCPA case).

In light of the foregoing, the Court concludes that an award of the following costs and fees is reasonable:

Phil Goldberg, Esq.: $300 per hour x 1 hour = $300
Ashley Cease, Esq.: $200 per hour x 3.875 hours = $775
Christina Cowart, Esq.: $200 per hour x 2 hours = $400
Dave Williams: $100 per hour x 2 hours = $200
Costs: $348
**Total: $2,023**

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for an Award of Attorney Fees and Costs Pursuant to 15 U.S.C. § 1692(a)(3) and Section 559.77(2), Florida Statutes (Dkt. #14) is **GRANTED** in part as described herein.

2. The Clerk of the Court shall enter judgment in favor of the Plaintiff and against the Defendant in the total amount of $1,002 in statutory damages and $2,023 in attorney's fees and costs.

3. All pending motions are denied as moot and the Clerk of the Court shall close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of May, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2541 fees 14.docx